# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL CHARLES COHEN,

    Defendant.

Case No. 2:09-CR-00005-KJD-PAL

**ORDER**

Before the Court is Defendant Michael Charles Cohen's ("Defendant") Motion for Early Termination of Supervised Release (#24). The Government has responded (#25).

I. Background

In February 2009, Defendant pled guilty to two counts of Bank Robbery. On May 20, 2009, the Court sentenced Defendant to 41 months imprisonment, three years of supervised release, and ordered Defendant to pay $17,996.32 in restitution. Supervised release commenced on December 22, 2011. Defendant has failed to comply with the terms of his supervision as indicated by a positive drug test in December of 2011, although Defendant has since complied with drug testing requirements and is now on random drug testing. Defendant further failed to make monthly restitution payments until February of 2013 (#25, Ex. A). Defendant asserts that he began making payments "[a]s soon as he was able to find a job." Defendant's supervising Probation Officer opposes early termination for the above reasons (#25, Ex. A). Defendant further asserts that he has "been living a law abiding life since his release from prison."

II. Analysis

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination, the Court is to consider the factors set forth in §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. United States v. Smith, 219 F. App'x 666, 667 (9th Cir. 2007).

While the Court commends Defendant for his ongoing efforts, they fail to rise to the level of "exceptionally good behavior" which could render the term of supervised release "too harsh." United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000). Considering the above factors, including restitution, and Defendant's history of non-compliance, the Court is not satisfied that the conduct of the Defendant and the interest of justice warrant early termination.

III. Conclusion

Defendant's Motion for Early Termination of Supervised Release (#24) is **HEREBY DENIED**.

DATED this 11th day of October 2013.

_____
Kent J. Dawson
United States District Judge